SAMUEL TRUMBULL vs. THOMAS O'HARA.

First Judicial District, Hartford, May Term, 1896. ANDREWS, C. J., TOR-
RANCE, FENN, BALDWIN and HAMERSLEY, Js.

A trial court has discretionary power to permit the plaintiff to re-open his
case and supply deficiencies in the testimony which are relied upon by
the defendant in support of his motion for a nonsuit; and its action in
allowing or denying a motion to re-open is not ordinarily reviewable.
But if the court erroneously supposes that it does not possess this power,
and for that reason denies the motion to re-open, such ruling is review-
able by this court upon the plaintiff's appeal.

[Argued May 5th—decided June 5th, 1896.]

ACTION to recover the amount of a promissory note,
brought to the Court of Common Pleas in Litchfield County
and tried to the jury, before *Arthur D. Warner, J.;* judgment
of nonsuit rendered upon motion of the defendant, and appeal
by the plaintiff for alleged errors in the rulings of the court.
*Error and new trial granted.*

In connection with the appeal the plaintiff filed an appli-
cation to amend and correct the record, which was granted.

The case is sufficiently stated in the opinion.

*John T. Hubbard*, with whom was *Charles D. Burrill*, for
the appellant (plaintiff).

*William H. O'Hara*, for the appellee (defendant).

TORRANCE, J. This is an appeal from the decision of the
Court of Common Pleas of Litchfield county, in refusing to
set aside a nonsuit; and also, upon the record as amended by
this court, from certain rulings made before the nonsuit was
granted.

In the court below, after the plaintiff had rested his case,
the defendant made a motion for a nonsuit, on three grounds,
namely: that the evidence showed that the suit had been pre-
maturely brought; that it failed to show that any considera-
tion had been given for the note in suit, or that the plaintiff
had any title thereto. Thereupon the plaintiff's counsel
made a motion that the case be re-opened for the purpose of

allowing him to introduce further testimony on behalf of the plaintiff. Counsel for the defendant objected to this motion, on the ground " that the court has no power to entertain a new motion while a motion for a nonsuit is pending." The court below took this same view of its powers in respect to this motion to re-open the case, and thereupon denied such motion. To this the plaintiff duly excepted. Subsequently the court granted the nonsuit, and upon motion afterwards made to set it aside refused to do so.

We are of opinion that the court below erred in taking this view of its power over the motion to re-open the case, and in denying such motion for lack of power to grant it under the circumstances. For aught that appears, the plaintiff when he made his motion to re-open the case was then and there fully prepared with evidence that would clearly make out a *prima facie* case. The motion was seasonably made, the plaintiff asked for no delay in the trial on account of it, it was for the interest of all concerned that the litigation should end then and there, and no good reason why the motion was denied appears anywhere upon the record. Doubtless if the court had not taken an erroneous view of its power with respect to this motion, it would have granted it.

It is true ordinarily that the allowance of a motion to reopen a case is discretionary with the trial court, and also that with a reasonable exercise of that discretion this court will not interfere; but here, the court below refused to exercise any discretion because it erroneously supposed it had none under the circumstances. If we assume that the plaintiff when he rested his case had not in fact made out a *prima facie* case (a matter about which we express no opinion), it was still the duty of the court below, upon the facts as they appear of record, to have granted his motion, and the refusal to do so for the reason given, was error.

It is unnecessary to consider the other questions on the record, as they are not likely to arise again in the case.

There is error in the judgment of the court below, and it is set aside and a new trial granted.

In this opinion the other judges concurred.